**STO–ROX SCHOOL DISTRICT**

v.

**The ZONING HEARING BOARD OF KENNEDY TOWNSHIP.**

**Appeal of TOWNSHIP OF KENNEDY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 12, 1996.

Decided April 2, 1996.

Publication Ordered April 12, 1996.

Bernard M. Schneider and Stephen A. Zappala, Jr., for Appellant.

Matthew M. Hoffman, for Appellee, Sto–Rox School District.

1. Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702.

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201. Sto–Rox also argues that the zoning ordinance excluding schools from Kennedy Township's R–3 zone does not bear any

Before DOYLE and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Township of Kennedy (Appellant) appeals from an order of the Honorable James H. McLean of the Court of Common Pleas of Allegheny County reversing the order of the Zoning Hearing Board of Kennedy Township (ZHB) which denied the Sto–Rox School District's (Sto–Rox) challenge to an amendment to its zoning ordinance which deleted educational institutions from its R–1, R–2 and R–3 zones and precluded the development of realty owned by Sto–Rox in Kennedy Township for school purposes. In reversing the order of the ZHB, Judge McLean held that Kennedy Township was without authority to prevent Sto–Rox from locating an elementary school on property it owned along Ewing Road in Kennedy Township.

On appeal to this Court, Appellant argues that the trial court erred in holding that the statutory authority granted to boards of school directors under the Public School Code [1] supersedes and prevails over the general zoning powers granted to municipalities in the Pennsylvania Municipalities Planning Code.[2]

After a close perusal of the record, the briefs submitted by the parties and *amicus curiae,* and the cases cited by both parties, we affirm on the excellent and well-reasoned opinion of Judge McLean.

Accordingly, we affirm the decision of the Court of Common Pleas in all respects.

**ORDER**

AND NOW, this 2nd day of April, 1996, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

rational relationship to any legitimate municipal objective and, therefore, is unconstitutional as being arbitrary, capricious and unreasonable. However, because we affirm the order of the trial court granting the relief requested by Sto–Rox on another basis, we need not address this issue.